IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Gulf Restoration Network**, | Case No. 1:15-cv-0191-CB-C |
| Plaintiff; | |
| v. | |
| **Sally Jewell, et al.,** | |
| and | |
| **N. Gunter Guy, Jr.**, | |
| Defendants. | |

**FEDERAL DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

Federal Defendants Sally Jewell, Secretary of the United States Department of the Interior; Dr. Kathryn Sullivan, Undersecretary of Commerce for Oceans and Atmosphere and Administrator of the National Oceanic and Atmospheric Administration; Gina McCarthy, Administrator of the Environmental Protection Agency; and, Tom Vilsack, Secretary of the Department of Agriculture, provide the following Answer to the allegations made by Plaintiff Gulf Restoration

Network in their Second Amended Complaint for Declaratory and Injunctive

Relief.  The numbered paragraphs in this Answer correspond to the numbered

paragraphs in Plaintiff's Second Amended Complaint (ECF No. 34).[1]

## INTRODUCTION

1.    Defendants admit the allegations in the first, second, third, and fourth

sentences of paragraph 1.  Defendants are without information or knowledge

sufficient to form a belief as to the truth or falsity of the allegations in the

fifth sentence of paragraph 1 and on that basis deny the allegations.

2.    The allegations in the first and second sentences of paragraph 2 purport to

characterize certain provisions of the Oil Pollution Act of 1990 ("OPA"), 33

U.S.C. §§ 2701 *et seq.,* which speak for themselves and are the best

evidence of their content.  Defendants deny the allegations to the extent they

are inconsistent with the plain language, meaning, or content of OPA.

---

[1] Plaintiff's claims are reviewed pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  "Under the APA, . . . the district court's function 'is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'"  *Hill Dermaceuticals v. FDA*, No. 11-cv-1950 RCL, 2012 WL 5914516, at *7 (D.D.C. May 18, 2012), *aff'd* 709 F.3d 44 (D.C. Cir. 2013) (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769–70 (9th Cir. 1985) (in an APA action, "there are no disputed facts that the district court must resolve.")).  Thus, the Court in this case will neither sit as an evidentiary fact finder nor resolve alleged disputed facts—the allegations of fact in the Second Amended Complaint and any responses contained in an answer are not relevant to the judicial review sought in this action.  Defendants nonetheless provide responses herein.

Defendants admit that federal and state natural resource trustees are undertaking an assessment of natural resource damages that resulted from the Spill but deny any remaining allegations in the third sentence of paragraph 2.

3. Defendants admit that the natural resource damages assessment and restoration planning process is a valuable process intended to restore or compensate for injury to and lost use of natural resources, and that federal and/or state trustees are generally appointed to undertake that process. Defendants deny the remaining allegations in the first and second sentences of paragraph 3. The allegations in the third sentence of paragraph 3 consist of conclusions of law and are not allegations to which a response is required.

4. Defendants admit that the Secretaries of the U.S. Department of the Interior, Department of Commerce, and Department of Agriculture, and the Administrator of the Environmental Protection Agency have been designated by the President as the federal natural resources trustees for the Spill, and that the Governors of the five Gulf States have each appointed state trustees. Defendants admit that the Alabama Department of Conservation and Natural Resources, and the Geological Survey of Alabama, have been designated by the Governor as Alabama state trustees. The remaining allegations in Paragraph 4 characterize Plaintiff's suit and are

not allegations to which a response is required.

5.     Defendants admit that, generally, the purposes of natural resource damages

assessment and restoration, as set forth in OPA and its implementing

regulations, would not be met where projects are not restoring or

compensating for injury to or lost use of natural resources resulting from the

event in question.  Defendants deny any remaining allegations in

paragraph 5.

6.     Defendants deny the allegations in the first sentence of paragraph 6, and aver

that they are not aware of any project called the "Alabama Convention

Center Project."  Defendants admit that the State and Federal Trustees

approved a Gulf State Park Enhancement Project, which includes, among

other elements, partial funding for the rehabilitation of a hotel and

conference center in the Park.  Defendants are without information or

knowledge sufficient to form a belief as to the truth or falsity of the

allegations in the second sentence of paragraph 6, and on that basis deny the

allegations.  Defendants admit that, at the time of project approval, they did

not have knowledge regarding the amounts or sources of additional funds

Alabama may need to complete the entirety of the Gulf State Park

Enhancement Project, but lack information or knowledge sufficient to form a

belief as to the truth or falsity of the remaining allegations in the third

4

sentence of paragraph 6, and on that basis deny those allegations.

Defendants deny the allegations in the fourth sentence of paragraph 6.

7.    The allegations in the first sentence of paragraph 7 purport to characterize

certain provisions of OPA and the natural resource damage assessment and

restoration ("NRDA") regulations of OPA ("OPA NRDA regulations"), 15

C.F.R. §§ 990.10 *et seq.*, which speak for themselves and are the best

evidence of their content.  Defendants deny the allegations to the extent they

are inconsistent with the plain language, meaning, or content of OPA and the

OPA NRDA regulations.  Defendants deny the allegations in the second,

third, fourth, and fifth sentences of paragraph 7.

8.    Defendants deny the allegations in the first sentence of paragraph 8.  The

second sentence in paragraph 8 purports to characterize certain provisions of

NEPA, which speak for themselves and are the best evidence of their

content.  Defendants deny the allegations to the extent they are inconsistent

with the plain language, meaning, or content of NEPA.  Defendants deny the

allegations in the third and fourth sentences of paragraph 8.

9.    Defendants deny the allegations in paragraph 9.

10.   Defendants deny the allegations in paragraph 10.

11.   Defendants admit that N. Gunter Guy, Jr. is the Commissioner of the

Alabama Department of Conservation and Natural Resources and that the

Department is the implementing trustee for Gulf State Park Enhancement

Project, but Defendants are not aware of any project called the "Alabama

Convention Center Project" and therefore deny the remainder of the

allegations in first sentence paragraph 11.  Defendants are without

knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in second sentence of paragraph 11 and on that basis deny

the allegations.   Defendants deny the allegations in the third and fourth

sentences of paragraph 11, and aver that they are not aware of any project

called the "Alabama Convention Center Project."

## JURISDICTION AND VENUE

12.   The allegations in paragraph 12 consist of conclusions of law and are not

allegations to which a response is required.

13.   The allegations in the first sentence of paragraph 13 consist of conclusions

of law and are not allegations to which a response is required.  Defendants

admit that the State of Alabama trustees proposed the Gulf State Park

Enhancement Project to the State and Federal Trustees as a potential early

restoration project, but deny the remaining allegations in the second sentence

of paragraph 13 and aver that Defendants are not aware of any project called

the "Alabama Convention Center Project."  Defendants deny the allegations

in the third sentence of paragraph 13 and aver that they are not aware of any

project called the "Alabama Convention Center Project." Defendants admit that the Alabama Department of Conservation and Natural Resources is designated as the "implementing trustee" in the Project Stipulation for the Gulf State Park Enhancement Project, but Defendants are not aware of any project called the "Alabama Convention Center Project" and therefore deny the allegations in the fourth sentence of paragraph 13. Defendants lack knowledge or information sufficient to forth a belief as to the truth or falsity of the allegations in the fifth sentence of paragraph 13, on that basis deny the allegations, and aver that they are not aware of any project called the "Alabama Convention Center Project." Defendants deny the allegations in the sixth sentence of paragraph 13 and aver that they are not aware of any project called the "Alabama Convention Center Project."

14.    Defendants admit that the Gulf State Park is located in Baldwin County, Alabama, but Defendants are not aware of any project called the "Alabama Convention Center Project," and therefore deny the allegations in the first sentence of paragraph 14. Defendants do not dispute that venue for this APA case is proper in the Southern District of Alabama or that the Alabama coast suffered damage from the Spill, but deny the remaining allegations in the second sentence of paragraph 14.

## **PARTIES**

15.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 and on that basis deny the allegations.

16.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 16, and on that basis deny the allegations.  Defendants deny the remaining allegations in paragraph 16 and aver that they are not aware of any project called the "Alabama Convention Center Project."

17.  Defendants admit the allegations in paragraph 17 and aver that the Secretary of the Interior has delegated Spill NRDA decision-making authority to agency staff.

18.  Defendants admit the allegations in paragraph 18 and aver that the Secretary of the Commerce has delegated Spill NRDA decision-making authority to agency staff.

19.  Defendants admit the allegations in paragraph 19 and aver that the Administrator of the Environmental Protection Agency has delegated Spill NRDA decision-making authority to agency staff.

20.  Defendants admit the allegations in paragraph 20 and aver that the Secretary of Agriculture has delegated Spill NRDA decision-making authority to

agency staff.

21.    Defendants admit the allegations in the first and second sentences of

paragraph 21.  Defendants admit that Commissioner Guy executed the

Project Stipulation for the Gulf State Park Enhancement Project, but

Defendants are not aware of any project called the "Alabama Convention

Center Project" and therefore deny the remaining allegations in third

sentence of paragraph 21.  Defendants admit that the Alabama Department

of Conservation and Natural Resources was appointed the "implementing

trustee" in the Project Stipulation for the Gulf State Park Enhancement

Project, but Defendants are not aware of any project called the "Alabama

Convention Center Project" and therefore deny the remaining allegations in

the fourth sentence of paragraph 21.  Defendants lack sufficient knowledge

or information to form a belief as to the truth or falsity of the allegations in

the fifth and sixth sentences of paragraph 21 and on that basis deny the

allegations.  Defendants admit the allegations in the seventh sentence of

paragraph 21.

## LEGAL FRAMEWORK

22.    The allegations in paragraph 22 purport to characterize NEPA, which speaks

for itself and is the best evidence of its content.  Defendants deny the

allegations to the extent they are inconsistent with the plain language,

meaning, or content of NEPA.

23.    The allegations in paragraph 23 purport to characterize certain provisions of NEPA and its implementing regulations promulgated by the White House Council on Environmental Quality ("CEQ NEPA regulations"), which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of NEPA or the CEQ NEPA regulations.

24.    The allegations in paragraph 24 purport to characterize certain provisions of NEPA and the CEQ NEPA regulations, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the NEPA and the CEQ NEPA regulations.

25.    The allegations in paragraph 25 purport to characterize certain provisions of the CEQ NEPA regulations, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the CEQ NEPA regulations.

26.    The allegations in paragraph 26 purport to characterize certain provisions of NEPA and the CEQ NEPA regulations, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the

extent they are inconsistent with the plain language, meaning, or content of the NEPA and the CEQ NEPA regulations.

27.    The first, second, third, fourth, and fifth sentences of paragraph 27 purport to characterize certain provisions of the CEQ NEPA regulations, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the CEQ NEPA regulations.  Defendants admit that they prepared a Programmatic Environmental Impact Statement, but deny any remaining allegations in the sixth sentence of paragraph 27.

28.    Defendants admit the allegations in the first sentence of paragraph 28.  The allegations in the second sentences of paragraph 28 purport to characterize a portion of a decision rendered by the U.S. Court of Appeals for the District of Columbia Circuit in *Gen. Elec. Co. v. U.S. Dep't of Commerce*, 128 F.3d 767, 770 (D.C. Cir. 1997), which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the decision. The allegations in the third and fourth sentences purport to characterize OPA and the OPA NRDA regulations, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of OPA or

the OPA NRDA regulations.

29.    The allegations in paragraph 29 purport to characterize certain provisions of

OPA, which speak for themselves and are the best evidence of their content.

Defendants deny the allegations to the extent they are inconsistent with the

plain language, meaning, or content of OPA.

30.    The allegations in paragraph 30 purport to characterize certain provisions of

OPA, which speak for themselves and are the best evidence of their content.

Defendants deny the allegations to the extent they are inconsistent with the

plain language, meaning, or content of the OPA.

31.    The allegations in paragraph 31 purport to characterize certain provisions of

OPA and the OPA NRDA regulations, which speak for themselves and are

the best evidence of their content.  Defendants deny the allegations to the

extent they are inconsistent with the plain language, meaning, or content of

the OPA or the OPA NRDA regulations.

32.    The allegations in paragraph 32 purport to characterize certain provisions of

the OPA NRDA regulations, which speak for themselves and are the best

evidence of their content.  Defendants deny the allegations to the extent they

are inconsistent with the plain language, meaning, or content of the OPA

NRDA regulations.

33.    The allegations in paragraph 33 purport to characterize a certain provision of

the OPA NRDA regulations, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the OPA NRDA regulations.

34.    Defendants admit the allegations in paragraph 34.

35.    The first sentence of paragraph 35 purports to characterize to characterize a portion of a decision rendered by the U.S. District Court for the Eastern District of Louisiana in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 21 F. Supp. 3d 657 (E.D. La. 2014), which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the decision.  Defendants admit the allegations in the second sentence of paragraph 35.  Defendants admit the allegations in the third sentence of paragraph 35, though clarify that the response effort involved approximately 48,000 workers.

36.    Defendants admit the allegations in the first sentence of paragraph 36, other than that the amount of natural gas is "unquantified."  Defendants admit that responders released approximately 1,843,786 gallons of dispersants in an attempt to break apart the oil, but deny any remaining allegations in the second sentence of paragraph 36.

37.   Defendants admit that Plaintiff accurately quotes the Phase III ERP/PEIS.

38.   Defendants admit that BP Exploration & Production Company was named as a responsible party for the Spill under the Oil Pollution Act.

39.   As to the allegations in the first sentence of paragraph 39, Defendants admit that officials of the Department of the Interior, the Environmental Protection Agency, the Department of Commerce, and the Department of Agriculture ("Federal Trustees") are the Federal Trustees participating in the Spill NRDA, but aver that the Administrator of the Environmental Protection Agency and the Secretary of the Department of Agriculture were designated as natural resource trustees at a later date than the Secretaries of the Departments of the Interior and Commerce.  Defendants deny the remainder of the allegations in the first sentence of paragraph 39 on the basis that they state a legal conclusion to which no response is required.

40.   As to the allegations in the first sentence of paragraph 40, Defendants aver that the Governors of Florida, Alabama, Mississippi, Louisiana, and Texas have each designated certain state officials as natural resource trustees ("State Trustees") and admit that these State Trustees are participating in the Spill NRDA.  Defendants admit the allegations in the second sentence of paragraph 40 that the Alabama Governor designated the Department of Conservation and Natural Resources and the Geological Survey of Alabama

as natural resource trustees for the Spill NRDA.

41.     Defendants admit that the Federal and State Trustees are performing the Spill NRDA consistent with their authority and discretion to do so under OPA, but deny the remainder of the allegations in paragraph 41 and aver that Federal and State Trustees are assessing injuries to and lost services of federal and state natural resources caused by the Spill, as opposed to "the totality of the injuries to Gulf natural resources."

42.     Defendants admit the allegations in paragraph 42.

43.     The allegations in paragraph 43 purport to characterize the Framework for Early Restoration Addressing Injuries Resulting from the Deepwater Horizon Oil Spill ("Framework Agreement"), which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Framework Agreement.

44.     Defendants admit the allegations in the first, second, and third sentences of paragraph 44.   The allegations in the fourth, fifth, and sixth sentences of paragraph 44 purport to characterize the Framework Agreement, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Framework Agreement.

15

45.    The allegations in paragraph 45 purport to characterize the Framework Agreement, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Framework Agreement.

46.    The allegations in paragraph 46 purport to characterize the Framework Agreement, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Framework Agreement.

47.    Defendants admit the allegations in the first, second, and third sentences of paragraph 47.  Defendants admit the allegations in the fourth sentence of paragraph 47, but aver that the notice was published by the Department of the Interior on behalf of the Federal and State Trustees and was titled "Notice of Intent to Prepare a Programmatic Environmental Impact Statement for a Phase III Early Restoration Plan and Early Restoration Project Types, and to Conduct Scoping Meetings" ("Phase III NOI"). Defendants admit that the Gulf State Park Enhancement Project was included among the proposed Phase III early restoration projects, but deny any remaining allegations in the fifth sentence of paragraph 47.

48.    Defendants admit the allegations in paragraph 48, but aver that the December 6, 2013, date referenced was the date of the Notice of Availability

for the Draft Phase III ERP/PEIS.

49. The allegations in the first sentence of paragraph 49 purport to characterize the Record of Decision for the Deepwater Horizon Oil Spill:  Final Programmatic and Phase III Early Restoration Plan and Early Restoration Programmatic Environmental Impact Statement ("ROD"), which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the ROD and further aver that they are not aware of any project called the "Alabama Convention Center Project."  The allegations in the second sentence of paragraph 49 purport to characterize the Draft Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Draft Phase III ERP/PEIS.

50. The allegations in paragraph 50 purport to characterize the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

51. The allegations in paragraph 51 purport to characterize the Final Phase III ERP/PEIS and the ROD, both of which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent

17

they are inconsistent with the plain language, meaning, or content of the

Final Phase III ERP/PEIS or the ROD.

52.     Defendants admit that Plaintiff submitted comments on the Draft and Final

Phase III ERP/EIS, but deny the remainder of the allegations in the first

sentence of paragraph 52 on the basis of its vague and ambiguous use of the

phrase "actively participated."  As to the allegations in the second sentence

of paragraph 52, Defendants admit that Plaintiff and other members of the

public submitted comments on the Draft Phase III ERP/PEIS and the Final

Phase III ERP/PEIS.  The remainder of the allegations in the second

sentence of paragraph 52 purport to characterize the public comments, which

speak for themselves and are the best evidence of their contents.  Defendants

deny the allegations to the extent they are inconsistent with the plain

language, meaning, or content of the public comments received.  Defendants

admit the allegations in the third sentence of paragraph 52.  The allegations

in the fourth sentence of paragraph 52 purport to characterize the public

comments, which speak for themselves and are the best evidence of their

contents.  Defendants deny the allegations to the extent they are inconsistent

with the plain language, meaning, or content of public comments received.[2]

---

[2] Prior to paragraph 53, the Second Amended Complaint includes a photograph
purported to be of dunes at Gulf State Park.  Defendants lack sufficient knowledge

53.    Defendants are without information or knowledge sufficient to form a belief
as to the truth or falsity of the allegations in the first sentence of paragraph
48 and on that basis deny the allegations.  The allegations in the second
sentence of paragraph 53 purport to characterize an article titled *Gov.
Bentley Signs Bill Creating a "Crown Jewel" Conference Center in Gulf
Shores*, which speaks for itself and is the best evidence of its content.
Defendants deny the allegations to the extent they are inconsistent with the
plain language, meaning, or content of the article, and are also without
information or knowledge sufficient to form a belief as to the truth or falsity
of the information reported in the article.  The allegations in the third
sentence of paragraph 53 purport to characterize the Final Phase III
ERP/PEIS, which speaks for itself and is the best evidence of its content.
Defendants deny the allegations to the extent they are inconsistent with the
plain language, meaning, or content of the Final Phase III ERP/PEIS, and
aver that they are not aware of any project called the "Alabama Convention
Center Project."

54.    Defendants are without information or knowledge sufficient to form a belief
as to the truth or falsity of the allegations in paragraph 54 and on that basis

---

or information about the source of the photograph to form a belief as to the truth or
falsity of the allegation regarding the photo's subject.

deny the allegations.

55.     The allegations in paragraph 55 purport to characterize a bill passed by the
Alabama legislature, S.B. 231, 2013 Leg., Reg. Sess. (Ala. 2013), and the
Code of Alabama (ALA. CODE §§ 9-14E-1–10) which speak for themselves
and are the best evidence of their content.  Defendants deny the allegations
to the extent they are inconsistent with the plain language, meaning, or
content of the bill or the Code of Alabama.

56.     The allegations in the first sentence of paragraph 56 purport to characterize a
bill passed by the Alabama legislature, S.B. 231, and the Code of Alabama,
which speaks for themselves and are the best evidence of their content.
Defendants deny the allegations to the extent they are inconsistent with the
plain language, meaning, or content of the bill or the Code of Alabama.
Defendants lack knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations in the second sentence of paragraph 56
and on that basis deny the allegations.

57.     The allegations in the first sentence of paragraph 56 purport to characterize a
bill passed by the Alabama legislature, S.B. 231, and the Code of Alabama,
which speaks for itself and is the best evidence of its content.  Defendants
deny the allegations to the extent they are inconsistent with the plain
language, meaning, or content of the bill or the Code of Alabama.

Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 57 and on that basis deny the allegations.

58. Defendants admit that the Gulf State Park Enhancement Project would take place entirely within Gulf State Park, but are not aware of any project called the "Alabama Convention Center Project" and therefore deny the allegations in the first sentences of paragraph 58.  Defendants admit the allegations in the second and third sentences of paragraph 58.  The allegations in the fourth sentence of paragraph 58 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

59. The allegations in paragraph 59 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

60. The allegations in paragraph 60 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best

evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

61.    The allegations in paragraph 61 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

62.    The allegations in paragraph 62 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS, and aver that they are not aware of any project called the "Alabama Convention Center Project."

63.    Defendants admit that, at the time of project approval, they did not have knowledge regarding final project design, the amounts and sources of additional funding Alabama may need for the Gulf State Park Enhancement Project, or how Alabama would ultimately decide to operate and manage the hotel and conference center.  But Defendants are not aware of any project called the "Alabama Convention Center Project" and therefore deny the

22

allegations in the first sentence of paragraph 63.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of paragraph 63, and on that basis deny those allegations.  The allegations in the remainder of paragraph 63 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS, and aver that they are not aware of any project called the "Alabama Convention Center Project."

64.     As to the allegations in the first sentence of paragraph 64, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that "in fact the State of Alabama did not even know if the project made economic sense at the time of the Programmatic Environmental Impact Statement," and on that basis deny the allegations.  The allegations in the remainder of the first sentence of paragraph 64 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS, and aver that they are

not aware of any project called the "Alabama Convention Center Project." The second and third sentences of paragraph 64 purport to characterize a document titled *Request for Qualifications to Prepare a Market Feasibility Study for a Project at Gulf State Park*, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the document. As to the allegations in the fourth sentence of paragraph 64, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation, and on that basis deny the allegations. The allegations in the fifth sentence of paragraph 64 purport to characterize a document titled *Request for Proposals:  Gulf State Park Lodge & Meeting Space*, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the document. The allegations in the sixth sentence of paragraph 64 purport to characterize a document titled *About the Gulf State Park Project*, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the document, and also lack sufficient knowledge or information to form a belief as to the truth or falsity of the information portrayed in the report.

24

65.     The allegations in the first and second sentences of paragraph 65 purport to characterize certain portions of the Final Phase III ERP/PEIS and related decision documents, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of those documents.   Defendants admit that, at the time of project approval, they did not have knowledge regarding final project design or the amounts and sources of additional funding Alabama may need for the Gulf State Park Enhancement Project, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the third sentence of paragraph 65, and on that basis deny those allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 65, and on that basis deny the allegations.  Defendants aver that they are not aware of a project called the "Alabama Convention Center Project."

66.     The allegations in paragraph 66 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  To the extent a response is required, any allegations that are inconsistent with the plain language and meaning of Final Phase III

ERP/PEIS are denied.

67.    Defendants admit that the Gulf State Park Enhancement Project is intended to compensate for the lost recreational use of natural resources, but are not aware of any project called the "Alabama Convention Center Project and therefore deny the allegations in the first sentence of paragraph 67. The remainder of the allegations in paragraph 67 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS, and aver that they are not aware of a project called the "Alabama Convention Center Project."

68.    The allegations in the first, second, and third sentences of paragraph 68 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS. The allegations in the fourth sentence of paragraph 68 are vague and ambiguous as to what the phrase "this statement" refers, and on that basis Defendants deny the allegations.

69.    The allegations in the first sentence of paragraph 69 purport to characterize

certain portions of the ROD, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the ROD. Defendants admit that the Final Phase III ERP/PEIS and the ROD does not provide the data at issue, but are without information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in the sentence and on that basis deny the allegations.

70.   The allegations in paragraph 70 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

71.   The allegations in paragraph 71 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS, and aver that they are not aware of a project called the "Alabama Convention Center Project."

72.   The allegations in the first and second sentences of paragraph 72 purport to characterize certain portions of the Final Phase III ERP/PEIS, which speaks

for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS. The allegations in the third sentence of paragraph 72 purport to characterize certain portions of the Framework Agreement, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Framework Agreement.

73.    Defendants admit that they have not disclosed the substance of their confidential settlement communications with BP, but deny any remaining allegations in the first sentence of paragraph 73. The allegations in the second sentence of paragraph 73 purport to characterize certain portions of the ROD, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the ROD. Defendants deny the allegations in the third sentence of paragraph 73.

74.    Defendants deny the allegations in paragraph 74.

75.    The allegations in paragraph 75 purport to characterize the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS, and

aver that they are not aware of a project called the "Alabama Convention Center Project."

76. The allegations in the first and third sentences of paragraph 76 purport to characterize certain portions of ROD, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the ROD. Defendants deny the allegations in the second and fourth sentences of paragraph 76.

77. Defendants deny the allegations in the first and fourth sentence of paragraph 77.  The allegations in the remainder of paragraph 77 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

78. The allegations in paragraph 78 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations that are inconsistent with the plain language and meaning of the Final Phase III ERP/PEIS, and aver that they are not aware of any project called the "Alabama Convention Center Project."

79.    The allegations in the first sentence of paragraph 79 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS, and aver that they are not aware of any project called the "Alabama Convention Center Project."  The allegations in the second and third sentences of paragraph 79 purport to characterize an article titled *New Beach Roads, Trolley, Hospital, Education Campus, Ocean Futures all take Shape in Gulf Shores Vision 2025 Plan*, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the article, and also lack sufficient information or knowledge to form a belief as to the truth or falsity of the information portrayed in the article.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 79, and on that basis deny the allegations.  The allegations in the fifth sentence of paragraph 79 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase

III ERP/PEIS.

80.   The allegations in paragraph 80 purport to characterize the Final Phase III

ERP/PEIS and an article titled *About the Gulf State Park Project*, which

speak for themselves and are the best evidence of their content.  Defendants

deny the allegations to the extent they are inconsistent with the plain

language, meaning, or content of the Final Phase III ERP/PEIS and the

article, and also lack sufficient information or knowledge to form a belief as

to the truth or falsity of the information portrayed in the article.

81.   Defendants admit that the State and Federal Trustees approved the Gulf

State Park Enhancement Project and subsequently executed a Project

Stipulation with BP, but deny the remainder of the allegations in the first

sentence of paragraph 81 and aver that they are not aware of any project

called the "Alabama Convention Center Project."  Defendants admit the

allegations in the second sentence of paragraph 81.

82.   The allegations in paragraph 82 purport to characterize a letter titled "Letter

from Gulf State Park Planning Committee to Mr. Joel E. Dillard, March 4,

2015," which speaks for itself and is the best evidence of its content.

Defendants deny the allegations to the extent they are inconsistent with the

plain language, meaning, or content of the letter, and also lack sufficient

knowledge or information to form a belief as to the truth or falsity of the

information portrayed in the letter.

## FIRST CAUSE OF ACTION

83.   Defendants hereby incorporate their responses to paragraphs 1-82 above.

84.   The allegations in paragraph 84 purport to characterize certain provisions of NEPA and the CEQ NEPA regulations, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of NEPA and the CEQ NEPA regulations.

85.   The allegations in paragraph 85 purport to characterize OPA and a provision of the OPA NRDA regulations, which speaks for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of OPA and the OPA NRDA regulations.

86.   Defendants deny the allegations in the first sentence of paragraph 86.  The allegations in the second sentence of paragraph 86 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS, and aver that they are not aware of any project called the "Alabama Convention Center Project."

87. The allegations in paragraph 87 contain conclusions of law, which are not allegations to which a response is required. To the extent that a response is required, Defendants deny the allegations to the extent they imply that Defendants failed to consider a reasonable range of alternatives at the project level for the Gulf State Park Enhancement Project.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

## SECOND CAUSE OF ACTION

92. Defendants hereby incorporate their responses to paragraphs 1-82 above.

93. The allegations in paragraph 93 purport to characterize certain provisions of the CEQ NEPA regulations, which speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the CEQ NEPA regulations.

94. The allegations in paragraph 94 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase

III ERP/PEIS, and aver that they are not aware of a project called the "Alabama Convention Center Project."

95.   The allegations in paragraph 95 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

96.   The allegations in paragraph 96 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

97.   The allegations in paragraph 97 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS, and aver that they are not aware of a project called the "Alabama Convention Center Project."

98.   The allegations in paragraph 98 purport to characterize certain portions of Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of

its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.

99.   Defendants deny the allegations in paragraph 99.

100.   Defendants deny the allegations in paragraph 100.

101.   Defendants deny the allegations in paragraph 101.

## THIRD CAUSE OF ACTION

102.   Defendants hereby incorporate their responses to paragraphs 1-82 above.

103.   The allegations in paragraph 103 purport to characterize a portion of a decision rendered by the U.S. Supreme Court in *Kleppe v. Sierra Club*, 427 U.S. 390, 410 n.1 (1976), and NEPA, both of which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the decision or NEPA.

104.   The allegations in paragraph 104 purport to characterize certain provisions of NEPA and the CEQ NEPA regulations, both of which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of NEPA or the CEQ NEPA regulations.

105.   The allegations in paragraph 105 purport to characterize certain provisions

of the CEQ NEPA regulations, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the CEQ NEPA regulations.

106.   The allegations in paragraph 106 purport to characterize certain provisions of NEPA and the CEQ NEPA regulations, both of which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of NEPA or the CEQ NEPA regulations.

107.   The allegations in the first sentence of paragraphs 107 purport to characterize the Final Phase III ERP/PEIS, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the Final Phase III ERP/PEIS.  Defendants deny the allegations in the second sentence of paragraph 107, and aver that they are not aware of any project called the "Alabama Convention Center Project."

108.   Defendants deny the allegations in paragraph 108.

109.   Defendants deny the allegations in paragraph 109.

## FOURTH CAUSE OF ACTION

110.   Defendants hereby incorporate their responses to paragraphs 1-82 above.

111.   Defendants deny the allegations in the first sentence of paragraph 111.

Defendants deny the allegations in the second sentence of paragraph 111 on

the basis of its vague and ambiguous use of the term "longstanding" and

aver that they are not aware of any project called the "Alabama Convention

Center Project."  Defendants admit that the Alabama Trustees were closely

involved with the Federal Trustees in selecting the Gulf State Park

Enhancement Project for Phase III early restoration funding, but Defendants

are not aware of any project called the "Alabama Convention Center

Project" and therefore deny any remaining allegations in the third sentence

of paragraph 111.

112.   Defendants admit that the Project Stipulation for the Gulf State Park

Enhancement Project names the Alabama Department of Conservation and

Natural Resources the "implementing trustee," but Defendants are not aware

of any project called the "Alabama Convention Center Project," and

therefore deny any remaining allegations in the first sentence of paragraph

112.  Defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in the second sentence of

paragraph 112 and on that basis deny the allegations.

113.   Defendants deny the allegations in paragraph 113 and aver that they are not

aware of any project called the "Alabama Convention Center Project."

114.   Defendants deny the allegations in the first sentence of paragraph 114 and aver that they are not aware of any project called the "Alabama Convention Center Project."  Defendants deny the allegations in the second sentence of paragraph 114 on the basis of its vague and ambiguous use of the phrases "substantially completed," "alter," and "available alternatives," and aver that they are not aware of any project called the "Alabama Convention Center Project."

115.   Defendants deny the allegations in paragraph 115.

116.   The allegations in paragraph 116 state legal conclusions, which require no response.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

117.   The allegations in paragraph 117 purport to characterize a letter titled "Letter from Gulf State Park Planning Committee to Mr. Joel E. Dillard, March 4, 2015," which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the letter, and also lack sufficient knowledge or information to form a belief as to the truth or falsity of the information portrayed in the letter.  Defendants aver that they are not aware of any project called the "Alabama Convention Center Project."

118.   Defendants deny the allegations in paragraph 118 and aver that they are not

aware of any project called the "Alabama Convention Center Project."

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 119 and on that basis deny the allegations.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint comprise Plaintiff's Prayer for Relief and require no response.  Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.  Judgment should be entered in favor of Defendants.

## GENERAL DENIAL

Defendants deny any allegations in the Amended Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## DEFENSES

1.    One or more of Plaintiff's requests for relief would require joinder of one or more currently absent parties.

Date: June 2, 2015

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General

_s/ Kristofor R. Swanson_____
KRISTOFOR R. SWANSON

(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
Environment & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

*Attorney for the Federal Defendants*

## Certificate of Service

I hereby certify that on June 2, 2015, I filed the above pleading with the Court's CMS/ECF system, which will send notice of such to each party.

_s/Kristofor R. Swanson_____
KRISTOFOR R. SWANSON

40