IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GULF RESTORATION NETWORK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 15-00191-CB-C |
| ) | |
| SALLY JEWELL, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Federal Defendants have filed a motion for clarification of the scope of the Court's injunction. (Doc. 69.) The clarification the Federal Defendants seek is whether a portion of the funds subject to the Court's injunction may be used for administrative and indirect costs associated with conducting required alternatives analysis. In response, Plaintiff "has no objection to the requested clarification" as long as the Court also requires "[t]he $58.5 million [to] be transferred by a date certain to the appropriate NRD fund, managed by the Department of the Interior [and] all processes contemplated by the [Deepwater Horizon] Consent Decree will be applicable to the funds." (Pl.'s Rsp. 4, Doc. 73.) In other words, Plaintiff does not disagree that the subject funds may be used for expenses related to the alternatives analysis but conditions its agreement on obtaining additional relief from this Court. That response sparked a reply brief from the Federal Defendants, Plaintiff's motion for leave to file a surreply, and the Federal Defendants' opposition to Plaintiff's motion. (Docs. 75, 76 & 77.)

The Federal Defendants' motion to clarify is **GRANTED.** The injunction entered in this action on February 16, 2016 does not prohibit the Defendants from using a portion of the funds

at issue for reasonable administrative and indirect costs associated with conducting an alternatives analysis.

Plaintiff's motion for leave to file a surreply is **GRANTED**. However, even after considering the arguments put forth by Plaintiff in the surreply, the Court declines to impose the conditions Plaintiff requests. Plaintiff's argument, simply put, is that the failure to remove these funds from the control of the State Trustee "may have the practical effect of predetermining the outcome of any further analysis of alternatives." (Pl.'s Rsp. 3, Doc. 73.) The location of the funds, however, should not affect the Defendants' duty or ability to conduct a proper OPA/NEPA alternatives analysis, *i.e.* one that "provid[es] a clear and meaningful analysis of [reasonable restoration] alternatives." (Summ. J. Ord. at 16, Doc. 64.) [1]

**DONE** and **ORDERED** this the 23rd day of May, 2016.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[1] Although the Record of Decision (ROD) technically was not vacated, implicit in the Court's order is a determination that the project stipulation and ROD are unlawful insofar as they relate to Gulf State Lodge and Conference Center (a/k/a Alabama Convention Center) project because the approval of the project was based on an improper alternatives analysis.