# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| Gulf Restoration Network, | * | |
| Plaintiff, | * | Case No. 1:15-cv-0191-CB-C |
| v. | * | |
| Sally Jewell, et al., | * | |
| and N. Gunter Guy, Jr., | * | |
| Defendants. | * | |

## ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

**WHEREAS**, on October 23, 2014, Plaintiff Gulf Restoration Network filed the above-captioned action against Federal Defendants under the Administrative Procedure Act challenging approval of the Gulf State Park Enhancement Project (ECF No. 1);

**WHEREAS**, on May 19, 2015, Plaintiff amended its complaint to add N. Gunter Guy, Jr., in his official capacity as Commissioner of the Alabama Department of Conservation & Natural Resources, as a defendant (ECF No. 34);

**WHEREAS**, on February 16, 2016, the Court entered summary judgment in favor of Plaintiff, finding that Federal Defendants had failed to consider a reasonable range of alternatives to the Gulf State Park Enhancement Project in violation of the National Environmental Policy Act and Oil Pollution Act, and entering an injunction against further expenditure of early restoration funds on

development or construction of the lodge and conference center portion of the Project (ECF Nos. 64, 65);

**WHEREAS**, on March 16, 2016, Plaintiff filed a Motion for Attorney's Fees and Expenses (ECF No. 66);

WHEREAS, Plaintiff and Federal Defendants have reached a settlement of Plaintiff's claim for attorneys' fees and expenses against Federal Defendants; Plaintiff and Federal Defendants stipulate as follows:

1. Federal Defendants agree to pay, and Plaintiff agrees to accept, $130,636 in full settlement and satisfaction of all Plaintiff's claims, or potential claims, against Federal Defendants for attorneys' fees, costs, and expenses incurred in this litigation. Plaintiff agrees that receipt of the payments required in Paragraph 3 shall operate as a release of Plaintiff's present claims for fees, costs and expenses against Federal Defendants under the Oil Pollution Act, 33 U.S.C. § 2706(g), Equal Access Justice Act, 28 U.S.C. § 2412, and any other potential authority.

2. The payments required in Paragraph 3 of this Agreement will be made by electronic funds transfer. Within seven days of the Court approving this Agreement, Plaintiff will designate the account to which the payments are to be made. Plaintiff will provide Federal Defendants, through counsel, the following information: the account holder's name, the account holder's address, the bank account number, the account type, the bank routing transit number, and Plaintiff' tax identification number.

3. Within fourteen days of receiving the information required in Paragraph 2 of this Agreement, the U.S. Department of the Interior, U.S.

Environmental Protection Agency, National Oceanic and Atmospheric Administration, and U.S. Department of Agriculture will each separately request that payment of $32,659 be made by the United States Treasury to the account designated in Paragraph 2 from funds appropriated for that agency.

4. Because this Agreement resolves all of Plaintiff's present claims to fees, costs, and expenses in the above-captioned matter, Plaintiff will file, within fourteen days of receiving the last of the payment required in Paragraph 3 of this Agreement, a withdrawal, with prejudice, of Plaintiff's Motion for Attorney's Fees and Expenses (ECF No. 66). The withdrawal will provide that the Court retains jurisdiction to enforce compliance with this settlement agreement if necessary.

5. The Court's approval of this Agreement will have the effect of vacating the present date by which Federal Defendants are to file any opposition to Plaintiff's Motion for Attorney's Fees and Expenses.

6. Neither this Agreement nor any of its terms shall be construed as an admission of liability by Federal Defendants or the United States with respect to this or any other matter. Federal Defendants do not waive any right to contest any aspect of attorneys' fees, costs, or expenses, including hourly rates, claimed by Plaintiff or Plaintiff's counsel in future litigation. This Agreement and its terms have no precedential value and shall not be referenced or otherwise used as evidence in any other litigation.

7. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Federal Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

8. This Agreement contains the entire agreement between the parties thereto, and all previous understandings, agreements, and communications prior to the date of this Agreement, whether express or implied, oral or written, relating to the subject matter of this Agreement are fully and completely extinguished and superseded by this Agreement.

9. The undersigned representatives of Plaintiff and Federal Defendants certify that they are fully authorized by the party or parties whom they represent to enter into the terms and conditions of this Agreement and legally bind them to it.

10. The terms of this Agreement shall become effective upon the Court's approval of the Agreement.

**IT IS SO ORDERED.**

DONE this the 26th day of May, 2016.

> **s/***Charles R. Butler, Jr.*
> **Senior United States District Judge**